UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STANLEY PATRICK WEBER,<br><br>Defendant. | CR. 17-50033-JLV<br><br>JURY INSTRUCTIONS<br><br>REDACTED |

## TABLE OF CONTENTS

NO. 1 - ROLE OF INSTRUCTIONS ................................................................. 2
NO. 2 - DUTY OF JURORS ........................................................................... 3
NO. 3 - DESCRIPTION OF THE OFFENSES .................................................. 4
NO. 4 - COUNT 1: AGGRAVATED SEXUAL ABUSE....................................... 5
NO. 5 - COUNT 2: AGGRAVATED SEXUAL ABUSE....................................... 7
NO. 6 - COUNT 3: AGGRAVATED SEXUAL ABUSE....................................... 9
NO. 7 - COUNT 4: AGGRAVATED SEXUAL ABUSE..................................... 11
NO. 8 - COUNT 5: SEXUAL ABUSE ........................................................... 13
NO. 9 - COUNT 6: SEXUAL ABUSE OF A MINOR........................................ 15
NO. 10 - COUNT 7: SEXUAL ABUSE OF A MINOR...................................... 17
NO. 11 - COUNT 8: SEXUAL ABUSE OF A MINOR...................................... 19
NO. 12 - COUNT 9: SEXUAL ABUSE OF A MINOR...................................... 21
NO. 13 - COUNT 10: AGGRAVATED SEXUAL ABUSE .................................. 23
NO. 14 - COUNT 11: SEXUAL ABUSE OF A MINOR...................................... 25
NO. 15 - ATTEMPT ................................................................................... 27
NO. 16 - PROOF OF INTENT AND KNOWLEDGE ......................................... 28
NO. 17 - PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF............. 29
NO. 18 - REASONABLE DOUBT ................................................................. 30
NO. 19 - DEFINITION OF EVIDENCE ......................................................... 31
NO. 20 - CREDIBILITY OF WITNESSES...................................................... 33
NO. 21 - IMPEACHMENT........................................................................... 34
NO. 22 - STATEMENT BY THE DEFENDANT .............................................. 35
NO. 23 - BENCH CONFERENCES AND RECESSES ...................................... 36
NO. 24 - OBJECTIONS............................................................................... 37
NO. 25 - NOTE TAKING............................................................................. 38
NO. 26 - MEDIA AND TECHNOLOGY.......................................................... 39
NO. 27 - CONDUCT OF THE JURY DURING TRIAL....................................... 42
NO. 28 - OUTLINE OF THE TRIAL .............................................................. 44

## INSTRUCTION NO. 1 –

## ROLE OF INSTRUCTIONS

Members of the jury, I will take a few minutes to give you the instructions about this case and about your duties as jurors.   At the end of the trial, I will give you further instructions.   I may also give you instructions during the trial.   These instructions explain the law that applies to this case. Unless I specifically tell you otherwise, all instructions, both those I give you now and those I will give you later, are equally binding on you and must be followed.   Consider these instructions with all written and oral instructions given to you during and at the end of the trial and apply them to the facts of the case.   You must consider my instructions as a whole and not single out some instructions and ignore others.

2

## INSTRUCTION NO. 2 – DUTY OF JURORS

This is a criminal case brought by the United States government against the defendant, Stanley Patrick Weber.   Mr. Weber is charged with 5 counts of aggravated sexual abuse, 1 count of sexual abuse and 5 counts of sexual abuse of a minor.   Your duty is to decide from the evidence whether Mr. Weber is not guilty or guilty of the offenses charged against him.

You will find the facts from the evidence presented in court.   "Evidence" is defined in Instruction No. 19.   You are entitled to consider that evidence in light of your own observations and experiences.   You may use reason and common sense to draw conclusions from facts established by the evidence. You are the sole judges of the facts, but you must follow the law as stated in my instructions, whether you agree with the law or not.   You will then apply the law to the facts to reach your verdict.

It is vital to the administration of justice that each of you faithfully perform your duties as jurors.   Do not allow sympathy or prejudice to influence you.   The law demands of you a just verdict based solely on the evidence, your common sense, and the law as I give it to you.   Do not take anything I may say or do during the trial as an indication of what I think about the evidence or what I think your verdict should be.   Do not conclude from any ruling or comment I may make that I have any opinion on how you should decide the case.

Please remember only Mr. Weber, not anyone else, is on trial here.   Also, remember Mr. Weber is on trial only for the offenses charged against him, not for anything else.

3

## INSTRUCTION NO. 3 –

## DESCRIPTION OF THE OFFENSES

An offense consists of "elements" which the government must prove beyond a reasonable doubt in order to convict a defendant of that offense. To help you follow the evidence, I will give you the elements of the offenses charged in the indictment. However, I must first explain some preliminary matters.

The charges against Mr. Weber are set out in an indictment. An indictment is simply an accusation. It is not evidence of anything. Mr. Weber pled not guilty to the charges brought against him. Mr. Weber is presumed to be innocent unless and until the government proves, beyond a reasonable doubt, each element of the offenses charged.

The indictment charges the offenses were committed "on or about" certain dates. The government does not have to prove with certainty the exact date of an offense charged. It is sufficient if the evidence establishes that an offense occurred within a reasonable time of the date alleged in the indictment. I will now give you the elements for the offenses charged in the indictment.

**Keep in mind that each count charges a separate offense. You must consider each count separately and return a separate verdict for each count.**

4

## INSTRUCTION NO. 4 –

## COUNT 1: AGGRAVATED SEXUAL ABUSE

Count 1 of the indictment charges that on or about between April 25, 2002, and April 24, 2003, at Pine Ridge, in Indian country, in the District of South Dakota, the defendant, Stanley Patrick Weber, did knowingly engage and attempt to engage in a sexual act, to wit: intentional contact between the hand and penis, and under the clothes and with the intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person, with F.G., an Indian person and a person who had not attained the age of 12 years.

### Elements

For you to find Mr. Weber guilty of the offense of aggravated sexual abuse as charged in Count 1 of the indictment, the government must prove the following essential elements beyond a reasonable doubt:

**One, on or about between April 25, 2002, and April 24, 2003, Mr. Weber knowingly engaged or attempted to engage in a sexual act with F.G.;**

> As used in this instruction, the term "sexual act" means intentional contact between the hand and penis, under the clothing and with the intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of any person.

**Two, at the time of the sexual act F.G. had not attained the age of 12 years;**

5

**Three, F.G. is an Indian person; and**

*Four*, **the offense took place in Indian country, at Pine Ridge, South Dakota.**

To find Mr. Weber guilty of the offense of aggravated sexual abuse as charged in Count 1 of the indictment, the government must prove all the essential elements beyond a reasonable doubt.   If the government proves all the essential elements beyond a reasonable doubt, you must find Mr. Weber guilty of Count 1.   If the government fails to prove any essential element beyond a reasonable doubt, you must find Mr. Weber not guilty of Count 1.

6

## INSTRUCTION NO. 5 –

## COUNT 2: AGGRAVATED SEXUAL ABUSE

Count 2 of the indictment charges that on or about between April 25, 2002, and April 24, 2003, at Pine Ridge, in Indian country, in the District of South Dakota, the defendant, Stanley Patrick Weber, did knowingly engage and attempt to engage in a sexual act, to wit: intentional contact between the hand and penis, and under the clothes and with the intent to abuse, humiliate, harass, degrade and arouse and gratify the sexual desire of any person, with F.G., an Indian person and a person who had not attained the age of 12 years, while Stanley Patrick Weber was treating F.G. for the flu.

**Elements**

For you to find Mr. Weber guilty of the offense of aggravated sexual abuse as charged in Count 2 of the indictment, the government must prove the following essential elements beyond a reasonable doubt:

**One, on or about between April 25, 2002, and April 24, 2003, Mr. Weber knowingly engaged or attempted to engage in a sexual act with F.G.;**

As used in this instruction, the term "sexual act" means intentional contact between the hand and penis, under the clothing and with the intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of any person.

**Two, at the time of the sexual act F.G. had not attained the age of 12 years;**

7

**Three**, F.G. is an Indian person; and

**Four**, the offense took place in Indian country, at Pine Ridge, South Dakota.

To find Mr. Weber guilty of the offense of aggravated sexual abuse as charged in Count 2 of the indictment, the government must prove all the essential elements beyond a reasonable doubt.   If the government proves all the essential elements beyond a reasonable doubt, you must find Mr. Weber guilty of Count 2.   If the government fails to prove any essential element beyond a reasonable doubt, you must find Mr. Weber not guilty of Count 2.

## INSTRUCTION NO. 6 –

## COUNT 3: AGGRAVATED SEXUAL ABUSE

Count 3 of the indictment charges that on or about between June 1, 2011, and July 1, 2011, at Pine Ridge, in Indian country, in the District of South Dakota, the defendant, Stanley Patrick Weber, did knowingly engage and attempt to engage in a sexual act, to wit: contact between the penis and anus, with E.H.H., an Indian person, and a person who had attained the age of 12 years but had not attained the age of 16 years, and was at least four years younger than Stanley Patrick Weber, by using force against E.H.H.

### Elements

For you to find Mr. Weber guilty of the offense of aggravated sexual abuse as charged in Count 3 of the indictment, the government must prove the following essential elements beyond a reasonable doubt:

**One, on or about between June 1, 2011, and July 1, 2011, Mr. Weber knowingly engaged or attempted to engage in a sexual act with E.H.H.;**

As used in this instruction, the term "sexual act" means contact between the penis and anus.

Contact involving the anus and the penis occurs upon penetration, however slight.

**Two, at the time of the sexual act E.H.H. had attained the age of 12 years but had not attained the age of 16;**

**Three**, E.H.H. was at least four years younger than Mr. Weber;

**Four**, Mr. Weber used force against E.H.H.;

> The term "force" means (A) the use of physical force sufficient to overcome, restrain, or injure E.H.H.; (B) a threat of harm sufficient to coerce or compel submission by E.H.H.; or (C) the use of physical force sufficient to prevent E.H.H. from escaping the sexual act.

**Five**, E.H.H. is an Indian person; and

**Six**, the offense took place in Indian country, at Pine Ridge, South Dakota.

To find Mr. Weber guilty of the offense of aggravated sexual abuse as charged in Count 3 of the indictment, the government must prove all the essential elements beyond a reasonable doubt.   If the government proves all the essential elements beyond a reasonable doubt, you must find Mr. Weber guilty of Count 3.   If the government fails to prove any essential element beyond a reasonable doubt, you must find Mr. Weber not guilty of Count 3.

10

## INSTRUCTION NO. 7 –

## COUNT 4: AGGRAVATED SEXUAL ABUSE

Count 4 of the indictment charges that on or about August 1, 2011, at Pine Ridge, in Indian country, in the District of South Dakota, the defendant, Stanley Patrick Weber, did knowingly engage and attempt to engage in a sexual act, to wit: contact between the penis and anus, with E.H.H., an Indian person, and a person who had attained the age of 12 years but had not attained the age of 16 years, and was at least four years younger than Stanley Patrick Weber, by using force against E.H.H.

**Elements**

For you to find Mr. Weber guilty of the offense of aggravated sexual abuse as charged in Count 4 of the indictment, the government must prove the following essential elements beyond a reasonable doubt:

*One*, on or about August 1, 2011, Mr. Weber knowingly engaged or attempted to engage in a sexual act with E.H.H.;

As used in this instruction, the term "sexual act" means contact between the penis and anus.

Contact involving the anus and the penis occurs upon penetration, however slight.

*Two*, at the time of the sexual act, E.H.H. had attained the age of 12 years but had not attained the age of 16;

*Three*, E.H.H. was at least four years younger than Mr. Weber;

11

*Four*, Mr. Weber used force against E.H.H.;

> The term "force" means (A) the use of physical force sufficient to overcome, restrain, or injure E.H.H.; (B) a threat of harm sufficient to coerce or compel submission by E.H.H.; or (C) the use of physical force sufficient to prevent E.H.H. from escaping the sexual act.

*Five*, E.H.H. is an Indian person; and

*Six*, the offense took place in Indian country, at Pine Ridge, South Dakota.

To find Mr. Weber guilty of the offense of aggravated sexual abuse as charged in Count 4 of the indictment, the government must prove all the essential elements beyond a reasonable doubt.   If the government proves all the essential elements beyond a reasonable doubt, you must find Mr. Weber guilty of Count 4.   If the government fails to prove any essential element beyond a reasonable doubt, you must find Mr. Weber not guilty of Count 4.

## INSTRUCTION NO. 8 –

## COUNT 5: SEXUAL ABUSE

Count 5 of the indictment charges that on or about between August 15, 2010, and June 1, 2011, at Pine Ridge, in Indian country, in the District of South Dakota, the defendant, Stanley Patrick Weber, did knowingly engage and attempt to engage in a sexual act with E.H.H., an Indian person, to wit: intentional contact between the hand and penis, under the clothes and with the intent to abuse, humiliate, harass, degrade and arouse and gratify the sexual desire of any person, and E.H.H. was, as the defendant well knew, at that time incapable of appraising the nature of the conduct.

**Elements**

For you to find Mr. Weber guilty of the offense of sexual abuse as charged in Count 5 of the indictment, the government must prove the following essential elements beyond a reasonable doubt:

***One***, **on or about between August 15, 2010, and June 1, 2011, Mr. Weber knowingly engaged or attempted to engage in a sexual act with E.H.H.;**

> As used in this instruction, the term "sexual act" means intentional contact between the hand and penis, under the clothing and with the intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of any person.

***Two***, **at the time of the sexual act E.H.H. was incapable of appraising the nature of the conduct or was physically incapable of declining**

13

participation in or communicating unwillingness to engage in that sexual act;

> *Three*, Mr. Weber knew E.H.H. was incapacitated;
>
> *Four*, E.H.H. is an Indian person; and
>
> *Five*, the offense took place in Indian country, at Pine Ridge, South Dakota.

To find Mr. Weber guilty of the offense of sexual abuse as charged in Count 5 of the indictment, the government must prove all the essential elements beyond a reasonable doubt.   If the government proves all the essential elements beyond a reasonable doubt, you must find Mr. Weber guilty of Count 5.   If the government fails to prove any essential element beyond a reasonable doubt, you must find Mr. Weber not guilty of Count 5.

**INSTRUCTION NO. 9 –**

**COUNT 6: SEXUAL ABUSE OF A MINOR**

Count 6 of the indictment charges that on or about between August 15, 2010, and January 2, 2011, at Pine Ridge, in Indian country, in the District of South Dakota, the defendant, Stanley Patrick Weber, did knowingly engage and attempt to engage in a sexual act with E.H.H., an Indian person and a child who had obtained the age of 12 but had not attained the age of 16, to-wit: intentional contact between the hand and penis, under the clothes and with the intent to abuse, humiliate, harass, degrade and arouse and gratify the sexual desire of any person and Stanley Patrick Weber was at least 4 years older than E.H.H.

**Elements**

For you to find Mr. Weber guilty of the offense of sexual abuse of a minor as charged in Count 6 of the indictment, the government must prove the following essential elements beyond a reasonable doubt:

***One*, on or about between August 15, 2010, and January 2, 2011, Mr. Weber knowingly engaged or attempted to engage in a sexual act with E.H.H.;**

> As used in this instruction, the term "sexual act" means intentional contact between the hand and penis, under the clothing and with the intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of any person.

15

*Two*, at the time of the sexual act E.H.H. had attained the age of 12 years but had not attained the age of 16;

*Three*, E.H.H. was at least four years younger than Mr. Weber;

*Four*, E.H.H. is an Indian person; and

*Five*, the offense took place in Indian country, at Pine Ridge, South Dakota.

To find Mr. Weber guilty of the offense of sexual abuse of a minor as charged in Count 6 of the indictment, the government must prove all the essential elements beyond a reasonable doubt. If the government proves all the essential elements beyond a reasonable doubt, you must find Mr. Weber guilty of Count 6. If the government fails to prove any essential element beyond a reasonable doubt, you must find Mr. Weber not guilty of Count 6.

## INSTRUCTION NO. 10 –

## COUNT 7: SEXUAL ABUSE OF A MINOR

Count 7 of the indictment charges that on or about between May 28, 1999, and May 27, 2003, at Pine Ridge, in Indian country, in the District of South Dakota, the defendant, Stanley Patrick Weber, did knowingly engage and attempt to engage in a sexual act with P.T.B., an Indian person and a child who had obtained the age of 12 but had not attained the age of 16, to engage in a sexual act, to-wit: intentional contact between the penis and anus and mouth and penis, and Stanley Patrick Weber was at least 4 years older than P.T.B.

### Elements

For you to find Mr. Weber guilty of the offense of sexual abuse of a minor as charged in Count 7 of the indictment, the government must prove the following essential elements beyond a reasonable doubt:

*One*, **on or about between May 28, 1999, and May 27, 2003, Mr. Weber knowingly engaged or attempted to engage in a sexual act with P.T.B.;**

> As used in this instruction, the term "sexual act"  means contact between the mouth and penis or contact between the penis and anus.
>
> Contact involving the anus and the penis occurs upon penetration, however slight.

17

*Two*, at the time of the sexual act P.T.B. had attained the age of 12 years but had not attained the age of 16;

*Three*, P.T.B. was at least four years younger than Mr. Weber;

*Four*, P.T.B. is an Indian person; and

*Five*, the offense took place in Indian country, at Pine Ridge, South Dakota.

To find Mr. Weber guilty of the offense of sexual abuse of a minor as charged in Count 7 of the indictment, the government must prove all the essential elements beyond a reasonable doubt. If the government proves all the essential elements beyond a reasonable doubt, you must find Mr. Weber guilty of Count 7. If the government fails to prove any essential element beyond a reasonable doubt, you must find Mr. Weber not guilty of Count 7.

18

## INSTRUCTION NO. 11 –

### COUNT 8: SEXUAL ABUSE OF A MINOR

Count 8 of the indictment charges that on or about between April 25, 2003, and April 24, 2004, at Pine Ridge, in Indian country, in the District of South Dakota, the defendant, Stanley Patrick Weber, did knowingly engage and attempt to engage in a sexual act with F.G., an Indian person and a child who had obtained the age of 12 but had not attained the age of 16, to-wit: intentional contact between the hand and penis, not through the clothes and with the Intent to abuse, humiliate, harass, degrade and arouse and gratify the sexual desire of any person, and Stanley Patrick Weber was at least 4 years older than F.G.

**Elements**

For you to find Mr. Weber guilty of the offense of sexual abuse of a minor as charged in Count 8 of the indictment, the government must prove the following essential elements beyond a reasonable doubt:

*One*, **on or about between April 25, 2003, and April 24, 2004, Mr. Weber knowingly engaged or attempted to engage in a sexual act with F.G.;**

> As used in this instruction, the term "sexual act" means intentional contact between the hand and penis, not through the clothing and with the intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of any person.

19

*Two*, at the time of the sexual act F.G. had attained the age of 12 years but had not attained the age of 16;

*Three*, F.G. was at least four years younger than Mr. Weber;

*Four*, F.G. is an Indian person; and

*Five*, the offense took place in Indian country, at Pine Ridge, South Dakota.

To find Mr. Weber guilty of the offense of sexual abuse of a minor as charged in Count 8 of the indictment, the government must prove all the essential elements beyond a reasonable doubt.   If the government proves all the essential elements beyond a reasonable doubt, you must find Mr. Weber guilty of Count 8.   If the government fails to prove any essential element beyond a reasonable doubt, you must find Mr. Weber not guilty of Count 8.

## INSTRUCTION NO. 12 –

## COUNT 9: SEXUAL ABUSE OF A MINOR

Count 9 of the indictment charges that on or about between April 25, 2003, and April 24, 2007, at Pine Ridge, in Indian country, in the District of South Dakota, the defendant, Stanley Patrick Weber, did knowingly engage and attempt to engage in a sexual act with F.G., an Indian person and a child who had obtained the age of 12 but had not attained the age of 16, to-wit: intentional contact between mouth and penis, and Stanley Patrick Weber was at least 4 years older than F.G.

### Elements

For you to find Mr. Weber guilty of the offense of sexual abuse of a minor as charged in Count 9 of the indictment, the government must prove the following essential elements beyond a reasonable doubt:

*One*, on or about between April 25, 2003, and April 24, 2007, Mr. Weber knowingly engaged or attempted to engage in a sexual act with F.G.;

As used in this instruction, the term "sexual act" means intentional contact between the mouth and penis.

*Two*, at the time of the sexual act F.G. had attained the age of 12 years but had not attained the age of 16;

*Three*, F.G. was at least four years younger than Mr. Weber;

21

*Four*, F.G. is an Indian person; and

*Five*, the offense took place in Indian country, at Pine Ridge, South Dakota.

To find Mr. Weber guilty of the offense of sexual abuse of a minor as charged in Count 9 of the indictment, the government must prove all the essential elements beyond a reasonable doubt.   If the government proves all the essential elements beyond a reasonable doubt, you must find Mr. Weber guilty of Count 9.   If the government fails to prove any essential element beyond a reasonable doubt, you must find Mr. Weber not guilty of Count 9.

## INSTRUCTION NO. 13 –

## COUNT 10: AGGRAVATED SEXUAL ABUSE

Count 10 of the indictment charges that on or about between January 1, 1994, and November 14, 1998, at Pine Ridge, in Indian country, in the District of South Dakota, the defendant, Stanley Patrick Weber, did knowingly engage and attempt to engage in a sexual act, to wit: contact between the mouth and the penis, and contact between the penis and anus, with D.J.M., an Indian person, and a person who had not attained the age of 12 years.

### Elements

For you to find Mr. Weber guilty of the offense of aggravated sexual abuse as charged in Count 10 of the indictment, the government must prove the following essential elements beyond a reasonable doubt:

*One*, on or about between January 1, 1994, and November 14, 1998, Mr. Weber knowingly engaged or attempted to engage in a sexual act with D.J.M.;

> As used in this instruction, the term "sexual act" means contact between the mouth and penis or contact between the penis and anus.

> Contact involving the anus and the penis occurs upon penetration, however slight.

*Two*, at the time of the sexual act D.J.M. had not attained the age of 12 years;

Three, D.J.M. is an Indian person; and

23

*Four*, **the offense took place in Indian country, at Pine Ridge, South Dakota.**

To find Mr. Weber guilty of the offense of aggravated sexual abuse as charged in Count 10 of the indictment, the government must prove all the essential elements beyond a reasonable doubt.   If the government proves all the essential elements beyond a reasonable doubt, you must find Mr. Weber guilty of Count 10.   If the government fails to prove any essential element beyond a reasonable doubt, you must find Mr. Weber not guilty of Count 10.

## INSTRUCTION NO. 14 –

## COUNT 11: SEXUAL ABUSE OF A MINOR

Count 11 of the indictment charges that on or about between November 15, 1998, and November 14, 2001, at Pine Ridge, in Indian country, in the District of South Dakota, the defendant, Stanley Patrick Weber, did knowingly engage and attempt to engage in a sexual act with D.J.M., an Indian person and a child who had obtained the age of 12 but had not attained the age of 16, to-wit: intentional contact between the mouth and penis, and Stanley Patrick Weber was at least 4 years older than D.J.M.

**Elements**

For you to find Mr. Weber guilty of the offense of sexual abuse of a minor as charged in Count 11 of the indictment, the government must prove the following essential elements beyond a reasonable doubt:

*One*, on or about between November 15, 1998, and November 14, 2001, Mr. Weber knowingly engaged or attempted to engage in a sexual act with D.J.M.;

> As used in this instruction, the term "sexual act" means intentional contact between the mouth and penis.

*Two*, at the time of the sexual act, D.J.M. had attained the age of 12 years but had not attained the age of 16;

*Three*, D.J.M. was at least four years younger than Mr. Weber;

25

*Four*, D.J.M. is an Indian person; and

*Five*, the offense took place in Indian country, at Pine Ridge, South Dakota.

To find Mr. Weber guilty of the offense of sexual abuse of a minor as charged in Count 11 of the indictment, the government must prove all the essential elements beyond a reasonable doubt.   If the government proves all the essential elements beyond a reasonable doubt, you must find Mr. Weber guilty of Count 11.   If the government fails to prove any essential element beyond a reasonable doubt, you must find Mr. Weber not guilty of Count 11.

## INSTRUCTION NO. 15 –

### ATTEMPT

A person may be found guilty of an attempt to commit an offense if he intended to engage in a sexual act and voluntarily and intentionally carried out some act which was a substantial step towards engaging in a sexual act.

A substantial act must be something more than mere preparation yet may be less than the last act necessary before the actual commission of the substantive offense.   In order for behavior to be punishable as an attempt, it need not be incompatible with innocence, yet it must be necessary to the consummation of the offense and be of such a nature that a reasonable observer, viewing it in context, would conclude beyond a reasonable doubt that it was undertaken in accordance with a design to commit the substantive offense.

This instruction applies to all Counts in these instructions.

27

## INSTRUCTION NO. 16 –

### PROOF OF INTENT AND KNOWLEDGE

"Intent" and "knowledge" are elements of the offenses charged in this case and must be proven beyond a reasonable doubt. The government is not required to prove Mr. Weber knew that his acts or omissions were unlawful. An act is done "knowingly" if a person realizes what he is doing and does not act through ignorance, mistake, or accident. You may consider the evidence of Mr. Weber's words, acts, or omissions, along with all other evidence, in deciding whether he acted knowingly.

Intent may be proven like anything else. You may consider any statements made or acts done by Mr. Weber and all the facts and circumstances in evidence which may aid in determining his intent. You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

28

## INSTRUCTION NO. 17 -

## PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

Mr. Weber is presumed innocent and, therefore, not guilty. This presumption of innocence requires you to put aside all suspicion that might arise from the arrest or charge of Mr. Weber or the fact he is here in court. The presumption of innocence remains with Mr. Weber throughout the trial. This presumption alone is sufficient to find Mr. Weber not guilty. The presumption of innocence may be overcome only if the government proves, beyond a reasonable doubt, each essential element of the offenses charged. The burden is always on the government to prove guilt beyond a reasonable doubt. This burden never shifts to Mr. Weber to prove his innocence, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Mr. Weber is not even obligated to cross examine the witnesses called to testify by the government.

If Mr. Weber does not testify, this fact must not be considered by you in any way or even discussed in arriving at your verdict. If Mr. Weber testifies, you should judge his testimony in the same manner in which you judge the testimony of any other witness.

If the government proves beyond a reasonable doubt all the essential elements of an offense charged, you must find Mr. Weber guilty of that offense. If the government fails to prove beyond a reasonable doubt any essential element of an offense charged, you must find Mr. Weber not guilty of that offense.

**INSTRUCTION NO. 18 –**

**REASONABLE DOUBT**

A reasonable doubt may arise from the evidence or lack of evidence produced during trial.   A reasonable doubt is a doubt based upon reason and common sense, and not doubt based on speculation.   A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act.   Proof beyond a reasonable doubt must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the more serious and important affairs of life.   Proof beyond a reasonable doubt is proof that leaves you firmly convinced of Mr. Weber's guilt.   However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

## INSTRUCTION NO. 19 - DEFINITION OF EVIDENCE

I mentioned the word "evidence."  "Evidence" includes the testimony of witnesses, documents and other things received as exhibits and stipulated facts.   Stipulated facts are facts formally agreed to by the parties.   Certain things are not evidence.   I shall list those things for you now:

- Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence. Opening statements and closing arguments by lawyers are not evidence.

- Objections and rulings on objections are not evidence. Lawyers have a right to object when they believe something is improper.   You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

- Testimony I strike from the record or tell you to disregard is not evidence and must not be considered.

- Anything you see or hear about this case outside the courtroom is not evidence.

The fact an exhibit may be shown to you does not mean you must rely on it more than you rely on other evidence.

Furthermore, a particular piece of evidence is sometimes received for a limited purpose only.   That is, it can be used by you only for one particular purpose and not for any other purpose.   I will tell you when that occurs and instruct you on the purposes for which the piece of evidence can and cannot be used.

31

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

The weight of the evidence is not determined by the number of witnesses testifying as to the existence or nonexistence of any fact. Also, the weight of the evidence should not be determined merely by the number or volume of documents or exhibits. The weight of evidence depends on its quality, not quantity. The quality and weight of the evidence are for you to decide.

## INSTRUCTION NO. 20 –

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.   You may believe all of what a witness says, only part of it, or none of it.   In deciding what testimony to believe, consider:

- The witness' intelligence;

- The opportunity the witness had to see or hear the things testified about;

- The witness' memory;

- Any motives the witness may have for testifying a certain way;

- The behavior of the witness while testifying;

- Whether the witness said something different at an earlier time;

- The witness' drug or alcohol use or addiction, if any;

- The general reasonableness of the testimony; and

- The extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind people sometimes see or hear things differently and sometimes forget things.   You need to consider whether a contradiction results from an innocent misrecollection or sincere lapse of memory or instead from an intentional falsehood or pretended lapse of memory.

33

## INSTRUCTION NO. 21 –

### IMPEACHMENT

In the last instruction, I instructed you generally on the credibility of witnesses.   I now instruct you further on how the credibility of a witness may be "impeached" and how you may treat certain evidence.   A witness may be discredited or impeached by:

- Contradictory evidence;

- A showing that the witness testified falsely concerning a material matter; or

- Evidence that at some other time the witness said or did something or failed to say or do something, that is inconsistent with the witness' trial testimony.

You may consider a witness discredited or impeached for other reasons as well.   If you believe a witness has been discredited or impeached, it is your exclusive right to give that witness' testimony whatever weight you think it deserves.

If earlier statements of a witness are admitted into evidence, they are not admitted to prove that the contents of those statements are true.   Instead, you may consider those earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore, whether they affect the credibility of that witness.

## INSTRUCTION NO. 22 –

## STATEMENT BY THE DEFENDANT

You may hear testimony Mr. Weber made a statement to others.   It is for you to decide:

*First*, whether the statement was made; and

*Second*, if so, how much weight you should give the statement.

In making these two decisions, you should consider all of the evidence including the circumstances under which the statement may have been made.

## INSTRUCTION NO. 23 –

## BENCH CONFERENCES AND RECESSES.

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference while the jury is present in the courtroom or by calling a recess.    The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, to avoid confusion and error, and to save your valuable time.    We will do what we can to keep the number and length of these conferences to a minimum.

Please be patient because while you are waiting, we are working.

36

## INSTRUCTION NO. 24 –

## OBJECTIONS

The lawyers may make objections and motions during the trial that I must rule upon.   If I sustain an objection to a question before it is answered, do not draw any inferences or conclusions from the question itself.   The lawyers have a duty to object to testimony or other evidence they believe is not properly admissible.   Do not hold it against a lawyer or the party the lawyer represents because the lawyer has made an objection.

## INSTRUCTION NO. 25 –

## NOTE TAKING

At the end of the trial, you must make your decision based on the evidence.  We have an official court reporter making a record of the trial. However, you will not have a typewritten transcript of the trial testimony of any witness for your use in reaching a verdict.   You must pay close attention to the evidence as it is presented.

If you want to take notes during the trial, you may, but be sure your note taking does not interfere with listening to and considering all the evidence.   If you choose not to take notes, remember it is your responsibility to listen carefully to the evidence.

Notes you take during the trial are not necessarily more reliable than your memory or another juror's memory.   Therefore, you should not be overly influenced by the notes.

If you take notes, do not discuss them with anyone before you begin your deliberations.   At the end of each day, please leave your notes in the jury room.   At the end of the trial, you may take your notes out of the notebook and keep them or leave them, and we will destroy them.   No one will read the notes, either during or after the trial.

## INSTRUCTION NO. 26 - MEDIA AND TECHNOLOGY

You are required to decide this case based solely on the evidence and exhibits that you see and hear in the courtroom.   If one or more of you were to get additional information from an outside source, that information might be inaccurate or incomplete or for some other reason not applicable to this case, and the parties would not have a chance to explain or contradict that information because they would not know about it.   This is why it is so important that you base your verdict only on information you receive in this courtroom.

In order for your verdict to be fair, you must not be exposed to any other information about the case, the law or any of the issues involved in this trial during the course of your jury duty.   This is very important, so I am taking the time to give you a detailed explanation about what you should do and not do during your time as jurors.

*First*, you must not try to get information from any source other than what you see and hear in this courtroom.   That means you may not speak to anyone, including your family and friends about this case.   You may not use any printed or electronic sources to get information about this case or the issues involved.   This includes the internet, reference books or dictionaries, newspapers, magazines, television, radio, computers, smartphones, or any other electronic device.   You may not do any personal investigating, such as visiting any of the places involved in this case, using internet maps or Google

39

Earth or any other such technology, talking to any possible witnesses, or creating your own demonstrations or reenactments of the events which are the subject of this case.

*Second*, you must not communicate with anyone about this case or your jury service, and you must not allow anyone to communicate with you. In particular, you may not communicate about the case through emails, text messages, tweets, blogs, comments or other postings on social networking sites, including but not limited to Facebook, Instagram, Twitter or any other website or application. This applies to communicating with your fellow jurors, your family members, your employer and the people involved in the trial, although you may notify your family and employer that you have been seated as a juror in the case. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and immediately report the contact to the court.

I recognize these rules and restrictions may affect activities you may consider to be normal and harmless. I assure you that I am very much aware I am asking you to refrain from activities which may be very common and very important in your daily lives. However, the law requires these restrictions to ensure the parties have a fair trial based on the evidence each party has an opportunity to address.

40

Any juror who violates the restrictions I have explained to you jeopardizes the fairness of these proceedings, and a mistrial could result which would require the entire trial process to start over.   As you can imagine, a mistrial is a tremendous expense and inconvenience to the parties, the court and the taxpayers.   If any juror is exposed to any outside information or has any difficulty whatsoever in following these instructions, please notify the court immediately.   If any juror becomes aware that one of your fellow jurors has done something that violates these instructions, you are obligated to report that violation to the court as well.

These restrictions remain in effect throughout this trial.   Once the trial is over, you may resume your normal activities.   At that point, you will be free to read or research anything you wish.   You will be able to speak—or choose not to speak—about the trial to anyone you wish.   You may write, post or tweet about the case if you choose to do so.   The only limitation is that you must wait until after the verdict, when you have been discharged from your jury service.

## INSTRUCTION NO. 27 - CONDUCT OF THE JURY DURING TRIAL

To ensure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended, and I discharge you as jurors. This means you must not talk to your spouse, other family members or friends about this case until I discharge you as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case or about anyone involved with it, until the trial has ended, and I accept your verdict. If someone should try to talk to you about the case, please report it to me.

*Fourth*, during the trial, you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important you not only do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the case sees you talking to a person from the other side, even if it is simply to pass the time of day, an unwarranted and unnecessary suspicion about your fairness might be created. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you.

42

*Fifth*, during the trial, do not make up your mind about what the verdict should be. Keep an open mind until you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

*Sixth*, if at any time during the trial you have a problem you would like to bring to my attention or if you feel ill or need to go to the restroom, please send a note to the court security officer, who will deliver it to me. Or just raise your hand and get my attention. I want you to be comfortable, so please do not hesitate to inform me of any problem.

**INSTRUCTION NO. 28 - OUTLINE OF THE TRIAL**

The trial will proceed as follows:

After these instructions, the lawyer for the government may make an opening statement.   Next, the lawyer for Mr. Weber may, but does not have to, make an opening statement.   An opening statement is not evidence.   It is simply a summary of what the lawyer expects the evidence to be.

The government will then present its evidence and call witnesses.   The lawyer for Mr. Weber may, but has no obligation to, cross examine them. Following the government's case, Mr. Weber may, but does not have to, present evidence or call witnesses.   If Mr. Weber calls witnesses, the government may cross examine them.

After presentation of the evidence is complete, the lawyers will make their closing arguments to summarize and interpret the evidence for you.   As with opening statements, closing arguments are not evidence.   I will then give you additional instructions, and you will retire to deliberate on your verdict.

Dated September 23, 2019.

BY THE COURT:

JEFFREY L. VIKEN
CHIEF JUDGE