UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>STANLEY PATRICK WEBER,<br><br>　　　　　　　Defendant. | CR. 17-50033-JLV<br><br><br>ORDER |

Post-trial the government filed a redaction request, motion and memorandum in support of its request to redact minor victim names and other personal identifiers from the publicly filed trial transcripts.[1] (Dockets 180 & 182). The government's redaction request asks that the names of each of the minor victims be deleted and replaced by the minor's initials. (Docket 180). The government's redaction requests are made pursuant to 18 U.S.C. §§ 3771 & 3509, Fed. R. Crim. P. 49.1 and D.S.D. Crim. LR. 49.1.1.A.2. Id.

Crime victims are entitled "to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Child victims of alleged crimes of "physical abuse, sexual abuse, or exploitation," are entitled to have their identity protected. 18 U.S.C. §§ 3509(a)(2)(A) & 3509(d)(3). To

---

[1]The court reporter filed the transcripts of the trial under seal pending resolution of redaction requests of the parties in accordance with Judicial Conference Policy. See http://www.privacy.uscourts.gov/Policy.htm. The government's redaction request (Docket 180) was timely filed.

protect a victim's rights, "the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." Id. at § 3509(d)(3)(A). The court's protective order "may . . . provide for any other measures that may be necessary to protect the privacy of the child." Id. § 3509(d)(3)(B)(ii). As part of this protection scheme, Rule 49.1 provides that any "electronic or paper filing with the court" concerning a minor "may include only . . . the minor's initials[.]" Fed. R. Crim. P. 49.1(a)(3). The local rules of the District of South Dakota require all documents filed with the court must only use the initials of a minor and only the year for birth dates. D.S.D. Crim. LR 49.1.1.A.2 & 3.

The question before the court is whether these rights and protections extend to minor victims years later when they testify as adults in the criminal trial of their alleged perpetrator. Throughout the course of the trial in this case, the court took great pains to minimize the revictimization of the witnesses when testifying.

First, during the pretrial conference, because of a Fed. R. Evid. 413 motion and the number of minor victim witnesses who may be allowed to testify at trial, the court asked the parties to "use first names, so that we can all understand what we're talking about." (Docket 164 at p. 71:23-24). The court's Rule 413 decision used first names. Id. at pp. 76:6-11 & 80:15-23.

2

Second, following the pretrial conference, the court entered a pretrial rulings order in two forms—sealed and redacted. (Dockets 108 & 109). The sealed order identified the Fed. R. Evid. 413 minor witnesses by name who were now testifying as adults. (Docket 108 ¶ H). The redacted order identified these witnesses by their initials. (Docket 109 ¶ H).

Third, while required to use each of the alleged victims' full names when reading the instructions to the jury, the court directed that "[r]edacted instructions with regard to the alleged victims names will be filed publicly." (Docket 166 at p. 3:5-9.) Compare, for example, Docket 116 at pp. 1 & 5 with Docket 117 at pp. 1 & 5.

Adult witnesses who were child victims are entitled to have their identity protected. The protection of § 3509(d) "applies even when victims are no longer underage." United States v. Lewis, CASE NO. CR415-196, 2017 WL 750456, at *5 (S.D. Ga. Feb. 27, 2017) (referencing Lebowitz v. United States, Criminal Indictment No. 1:07-CR-0195, Civil File No. 1:14-CV-0646, 2015 WL 630394, at *14 n.13 (N.D. Ga. Feb. 11, 2015) (citing Luttrell v. McDonald's Corp., No. 3:04-CV-00117, 2004 WL 2750244, at *6 (S.D. Ind. Nov. 2, 2004) ("[T]he protection of [a minor's] privacy will mean little if the cloak protecting that privacy disappears simply upon reaching the age of majority.")). "[V]ictims of sex crimes, who were minors at the time of the alleged crime but were over 18 at the time of testimony," are entitled to "narrow identification protections." United States v. Gardner, Case No. 16-cr-20135, 2016 WL

5404207, at *6 (E.D. Mich. Sept. 28, 2016). "Because the [high school] victims were minors [in 2002]," the United States Court of Appeals for the Ninth Circuit in 2011 "refer[red] to them using only their initials." United States v. Begay, 673 F.3d 1038, 1040 (9th Cir. 2011) (referencing 18 U.S.C. § 3509(d)). See also United States v. Mount, Criminal No. 16-237, 2020 WL 859687, at *2 (D. Minn. Feb. 21, 2020) ("Federal law requires the protection of materials that tend to identify a child victim or witness. 18 U.S.C. § 3509(d)(1)."); Doe v. Menefee, 391 F.3d 147, 151 n.4 (2d Cir. 2004) ("The surnames of all victims who were minors at the time of the events in question have been redacted throughout this litigation in order to protect the victims' privacy.").

The court agrees with the logic expressed by the other courts referenced above. It makes little sense to protect an alleged minor victim by using initials and then discontinue that protection once the alleged victim becomes an adult. For these reasons, the court will grant the government's motion for redaction. Good cause appearing, it is

ORDERED that the government's motion for redaction (Docket 182) is granted.

IT IS FURTHER ORDERED that the government's reaction request (Docket 180) is granted.

IT IS FURTHER ORDERED that this order shall apply to the transcripts identified as Dockets 164, 166-67, 170-72, and 174.

IT IS FURTHER ORDERED that consistent with the government's redaction request (Docket 180) the court reporter shall delete the name, whether it is the first name or full name, and insert the initials of the individual indicated. In the transcript indexes, the names identified in the redaction request (Docket 180) shall be redacted without substitution of any other identifier.

IT IS FURTHER ORDERED that the court reporter shall delete a full date of birth and insert the following: "xx/xx/year." In those situations in which a month or day of birth appears, that information shall be redacted and "xx" substituted.

Dated September 15, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE